```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
                  TAMPA DIVISION
```

MIGUEL ANGEL GOICOCHEA-PINEDA,

      Petitioner,

                           Case No. 8:96-CR-427-T-17TGW
                                       8:05-CV-1557-T-17TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

## O R D E R

This cause comes on for consideration of Petitioner's Motion under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (D-1.)

On January 23, 1998, a jury found Petitioner guilty of counts one, three, eight, nine, ten and eleven of the Third Superseding Indictment. The Court sentenced Petitioner on May 7, 1998 to a term of imprisonment of 360 months. Petitioner filed a timely appeal. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence on September 29, 1999.

On August 9, 2000, Petitioner filed his first section 2255 motion in which Petitioner raised various claims of ineffective assistance of counsel. (D-391.) On January 25, 2001, the Court denied Petitioner's motion. (D-406.) On May 30, 2001, Petitioner sought permission from the Eleventh

Circuit Court of Appeals to file a successive § 2255 motion raising Apprendi v. New Jersey, 530 U.S. 466 (2000). That request was denied.

On August 22, 2005, the Court received Petitioner's most recent section 2255 motion. Petitioner essentially contends that his sentence violates United States v. Booker, --- U.S. ----, 125 S.Ct. 738 (2005). Specifically, Petitioner contends that neither the amount of drugs or his role in the offense were charged in the Third Superseding Indictment nor determined by the jury. Petitioner argues that, without these sentencing enhancements, his total offense level should have been a 12 and that he should be resentenced to a sentence not to exceed 21 months.

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a federal prisoner who previously filed a § 2255 motion to vacate, set aside, or correct a sentence must apply for and receive permission from the court of appeals before filing a second or successive motion in the district court. Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45(11th Cir. 2005). A three-judge panel of the court of appeals may authorize the filing of a second or successive motion only if it determines

that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Petitioner has not demonstrated that he has met the foregoing requirements. Thus, Petitioner's motion must be dismissed.

The Court notes that, while the law requires Petitioner to seek authorization to file his successive petition, the Eleventh Circuit previously denied an application for leave to file a second or successive motion in which a prisoner sought to raise a claim based on Booker. In Re Anderson, 396 F.3d 1336 (11th Cir. 2005) (finding that the petitioner could not show that the Supreme Court had made Booker retroactive to case already final on direct review). Furthermore, Petitioner fails to recognize that the Eleventh Circuit has held that neither Booker nor Blakely v. Washington, 124 S.Ct. 2531 (2004), applies retroactively to cases on collateral review.

3

<u>Varela v. United States</u>, 400 F.3d 864, 867-68 (11th Cir. 2005) (per curiam) (citing <u>Schriro v. Summerlin</u>, 124 S.Ct. 2519, 2526-27 (2004)).

Finally, the Court notes that Petitioner argues that his motion is timely pursuant to <u>Dodd v. United States</u>, 125 S.Ct. 2478 (2005), which holds that a petitioner has one year from the Supreme Court's decision initially recognizing a new right. That, however, is not the deciding factor. Rather, Petitioner has not demonstrated that he has sought and received permission from the Eleventh Circuit Court of Appeals to file the instant motion.

It is therefore ORDERED that:

1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (D-1) is DISMISSED.

2) The Clerk is DIRECTED to terminate all pending motions and CLOSE the civil case.

DONE AND ORDERED at Tampa, Florida this 13th day of September, 2005.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Pro Se Party